857 F.2d 1468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Delbert BOYLE, personal representative of the Heirs and
Estate of David A. Boyle, deceased, Appellee,
v.
UNITED TECHNOLOGIES CORPORATION, Appellant,
and
Sikorsky Aircraft, Defendant.
 No. 85-2264.
 United States Court of Appeals, Fourth Circuit.
 Aug. 3, 1988.
 
 Lewis T. Booker (Lonnie D. Nunley, III; Hunton & Williams, on brief), for appellant.
 Louis S. Franecke, Mack, Hazlewood, Franecke & Tinney (James E. Moore; Staples, Greenberg, Minardi & Kessler; Michael Moore, Cartwright, Sucherman & Slobodin, Inc., on brief), for appellee.
 Before DONALD RUSSELL, K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Our prior panel opinion in this case, Boyle v. United Technologies Corp., 792 F.2d 413 (4th Cir.1986) held that an action by plaintiff Delbert Boyle against the Sikorsky Division of United Technologies Corp. (hereinafter "Sikorsky") alleging defective design in a military helicopter was barred by the federal military contractor's defense. The defense, which we recognized in Tozer v. LTV Corp., 792 F.2d 403 (4th Cir.1986), precluded liability on the part of a military contractor for design defects where 1) the United States is immune from liability; 2) the United States approved reasonably precise specifications for the equipment; 3) the equipment conformed to those specifications; and 4) the supplier warned the United States about dangers in the use of the equipment that were known to the supplier but not to the United States. On this basis we held that Sikorsky could incur no liability for the alleged defect in its design of the helicopter.
 
 
 2
 The Supreme Court granted certiorari; 479 U.S. 1029 (1986). In an opinion issued June 27, 1988, the Court upheld the formulation of the contractor defense on which we based our ruling that Sikorsky could not be held liable. See Boyle v. United Technologies Corp., 56 U.S.L.W. 4792 (U.S. June 27, 1988). The Court also rejected the petitioner's argument that a remand was necessary in this case because our formulation of the defense differed from that given in the district court's instructions to the jury. Id. at 4796.
 
 
 3
 The Court has remanded to us for clarification of one aspect of our earlier opinion. The language in our opinion on which the Court seeks clarification is as follows: "Because Sikorsky has satisfied the requirements of the military contractor defense, it can incur no liability for ... the allegedly defective design of the escape hatch." 792 F.2d at 415. The Supreme Court stated:
 
 
 4
 It is somewhat unclear from the Court of Appeals' opinion, however, whether it was in fact deciding that no reasonable jury could, under the properly formulated defense, have found for the petitioner on the facts presented, or rather was assessing on its own whether the defense had been established. The latter, which is what petitioner asserts occurred, would be error, since whether the facts establish the conditions for the defense is a question for the jury.... Although it seems to us doubtful that the Court of Appeals was conducting the factual evaluation that petitioner suggests, we cannot be certain from this language, and so we remand for clarification of this point.
 
 
 5
 56 U.S.L.W. at 4796.
 
 
 6
 As the Supreme Court suggested, the language in question was intended to express our holding that no reasonable jury could have found for the plaintiff on the facts presented. It is clear in this case that the military contractor defense was established as a matter of law. Our reasons for this holding are set forth in the panel opinion. See 792 F.2d at 414-15.
 
 
 7
 Appellee's motion for additional briefing and argument in this case is denied. We remand the case to the district court with instructions that judgment be entered in favor of the defendant.